UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ARNOLD A. NOEL

    v.                                                                   Civil No. 1:23-cv-00028-SJM-TLSM

BRIAN COUTCHER, ET AL.

### REPORT AND RECOMMENDATION
### REGARDING PLAINTIFF'S FAILURE TO
### PROSECUTE AND COMPLY WITH COURT ORDERS

On December 9, 2025, this court issued an Order to Show Cause (Doc. No. 99) directing self-represented Plaintiff, Arnold A. Noel, to show cause, by December 23, 2025, as to why this case should not be dismissed for failure to prosecute. Noel failed to respond to the Show Cause Order. Instead, on December 24, 2025, he filed a Third Amended Complaint (Doc. No. 100), without an accompanying motion to amend, in which he seeks to assert new claims, unrelated to the existing claims in this case, against more than eighty entities and individuals, including various attorneys and law firms, state agencies and officials, state and federal court judges, and employees from the United States Marshals' Service. Noel's conduct is consistent with his prior failures to comply with this court's orders and reflects a pattern of failing to pursue his existing claims. Accordingly, for the reasons detailed below, this court recommends that the district judge dismiss this action with prejudice for failure to prosecute.

### BACKGROUND

Noel initiated this action on January 17, 2023, by filing a complaint against United Better Homes, LLC ("UBH"), Heriberto Roman ("Roman"), Brian Coutcher, and Derek Moore in the U.S. District Court for the District of Rhode Island. Doc. No. 1. On July 19, 2023, that court

entered a Pretrial Scheduling Order calling for all fact discovery to be completed by January 19, 2024, all expert discovery to be completed by April 19, 2024, and any dispositive motions to be filed by May 20, 2024.  Doc. No. 10.  Noel subsequently amended his complaint and added twelve new Defendants.  Doc. No 16.  In his Amended Complaint, which is the operative complaint in this action,[1] Noel seeks damages from his former employer and various affiliated entities and individuals for the financial and emotional injuries he claims he suffered as a result of "Defendants' concerted efforts to defraud, discriminate against, and unjustly enrich themselves" by misappropriating his intellectual property, maligning his professional reputation, and engaging in "a series of deceitful, discriminatory, and retaliatory actions."  Id. at ¶ 2.

On January 24, 2024, all judges in the District of Rhode Island recused themselves from the action, and the case was referred to this court where it was reassigned to a District Judge and the undersigned Magistrate Judge.  See Doc. No. 29; Doc. No. 50 at ¶ 5.  These developments necessitated an extension of the pretrial deadlines.  Accordingly, on April 4, 2025, this court issued a Revised Pretrial Scheduling Order directing the parties to complete all fact discovery by August 1, 2025, to complete all expert discovery by November 15, 2025, and to file any dispositive motions by December 15, 2025.  Doc. No. 87.

In the meantime, discovery disputes arose between Noel and two Defendants, UBH and Roman.[2]  See Doc. No. 97 at pgs. 2-6.  Between March 11, 2024 and April 24, 2025, this court issued two orders compelling Noel to respond to UBH's and Roman's discovery requests, as well

---

[1] Noel moved for leave to file a Second Amended Complaint on February 2, 2024 (Doc. No. 34) which this court denied without prejudice on March 11, 2024.  Doc. No. 50.

[2] The court conducted an informal discovery conference on March 28, 2025.  During the conference, Noel objected strenuously to this court's jurisdiction and to the undersigned Magistrate Judge's failure to recuse herself from this matter based on Noel's unsubstantiated claims of collusion between the undersigned and various parties and non-parties.

as repeated orders directing Noel to provide UBH with signed and sworn copies of his answers to UBH's interrogatories. See id. at pgs. 3-7. Notably, on two separate occasions, this court explicitly cautioned Noel that any failure to comply with the court's discovery orders "may result in sanctions up to and including dismissal of this action." Id. at pgs. 4, 6 (emphasis omitted) (quoting Doc. No. 84 at pg. 8 and Doc. No. 88 at pg. 4). Nevertheless, Noel failed to comply with any of the court's discovery orders. Id. at pgs. 6-7. On May 12, 2025, UBH and Roman filed a motion to dismiss Plaintiff's claims against them, pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v), as a sanction for Noel's noncompliance. Doc. No. 93. Noel filed no opposition to the motion and on August 15, 2025, this court issued a Report and Recommendation recommending that the district judge grant Defendants' motion to dismiss. Doc. No. 97. The district judge approved the Report and Recommendation on October 2, 2025. Doc. No. 98.

On December 8, 2025, this court held a Zoom video conference to address the status of the case. See Docket Entry dated 12/08/2025. Counsel for four of the remaining Defendants appeared at the hearing. See id. However, Noel did not appear. Id. Nor did he contact the court to explain his absence. See id. During the conference, counsel for the Defendants confirmed that Noel provided no further discovery, as required by this court's discovery orders. He also reported that Noel failed to appear at his noticed deposition, and that Defendants received no communication from Noel since the prior conference before the court on March 28, 2025. Additionally, the record demonstrates that Noel had no communications with the district court between May 8, 2025, when he filed an application to proceed *in forma pauperis* in connection with an appeal of one of this court's orders on UBH's motion to compel, and the December 8, 2025 Zoom video conference. See Doc. No. 91. Thus, Noel made no attempt to explain his failure to comply with his discovery

3

obligations or adhere to the August 1, 2025, discovery deadline contained in the Revised Pretrial Scheduling Order.  Doc. No. 87.

Given Noel's refusal to comply with his discovery obligations, as well as his apparent abandonment of his claims against the remaining Defendants, this court issued a Show Cause Order on December 9, 2025.  Doc. No. 99.  Therein, this court ordered Plaintiff to show cause, by December 23, 2025, as to why this case should not be dismissed for failure to prosecute.  Id. at pg. 4.  This court also warned Noel that "[a]ny failure to do so will likely result in the undersigned recommending that the district judge dismiss Noel's claims against all remaining Defendants, including the three Defendants who were defaulted pursuant to Fed. R. Civ. P. 55(a) and Local Rule 55(a)."[3]  Id. at pg. 3.

Noel filed no response to the Show Cause Order.  Nor did he engage in any activities aimed at moving this matter forward.  Instead, on December 24, 2025, Noel filed a Third Amended Complaint, unaccompanied by any motion to amend,[4] against more than eighty entities and individuals, including but not limited to, various attorneys and law firms, state agencies and officials, state and federal court judges (including those assigned to this case), and unidentified

---

[3] On November 8, 2024, the Clerk entered default against three Defendants pursuant to Fed. R. Civ. P. 55(a) and Local Rule 55(a).  Doc. No. 81.  Noel took no further action against those Defendants.

[4] Pursuant to Fed. R. Civ. P. 15, "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P. 15(a)(1).  "Once a party has exhausted its one-time right to amend as a matter of course, it may make further amendments only with the opposing party's consent or with leave of court."  United States ex rel. D'Agostino v. EV3, Inc., 802 F.3d 188, 192 (1st Cir. 2015) (citing Fed. R. Civ. P. 15(a)(2)).  Because the deadline for amending his complaint as a matter of course has long expired, Noel was required to obtain Defendants' consent or leave of court before filing his Third Amended Complaint.  His failure to do so renders that pleading ineffective.

employees from the United States Marshals' Service. Doc. No. 100. Therein, Noel asserts new claims, unrelated to the claims in this action, arising out of legal proceedings in various state and federal courts, based on allegations of misconduct by court employees, judges and others.[5] See id. at ¶1 ("This action arises from a continuous course of conduct across Massachusetts state courts, the United States District Court for the District of Rhode Island, and the United States Court of Appeals for the First Circuit, in which jurisdictional safeguards failed, material docket entries were removed or suppressed, and appellate correction was obstructed.").

Subsequently, on December 31, 2025, Noel filed a Motion to Compel Issuance of a Summons. Doc. No. 102. In his motion, Noel seeks an order "compelling the immediate issuance of summons on the [Third] Amended Complaint" and confirming that "the [Third] Amended Complaint is the sole operative pleading" in this case. Doc. No. 102 at pg. 2. Once again, Noel failed to address the Show Cause Order or provide any indication that he intended to pursue his existing claims against the remaining Defendants. See id. On the contrary, Plaintiff argued that "[a]n amended complaint, once accepted supersedes all prior pleadings and resets the case to the pleading and service stage." Id. at pg. 3. He also asserted that because his Third Amended Complaint "was accepted for filing and entered on the docket[,]" that Complaint "is the sole operative pleading in this action." Id. at pgs. 2-3.

---

[5] Throughout the course of this litigation, Noel has accused judges from the District of Rhode Island and this court of conspiring against him to undermine his claims. See, e.g., Doc. No. 97 at pg. 6 n.5. The allegations in the proposed Third Amended Complaint reflect his claims of judicial bias and improper conduct. See Doc. No. 100 at pg. 2 (alleging that "Orders were entered without lawful authority, enforcement was executed while appellate rights were pending, and clerks and counsel acted beyond ministerial functions, resulting in deprivations of due process, property, and access to the courts.").

**LEGAL STANDARD**

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte for any of the reasons prescribed in Fed. R. Civ. P. 41(b)." Cintrón-Lorenzo v. Departamento de Asuntos del Consumidor, 312 F.3d 522, 525-26 (1st Cir. 2002). That Rule authorizes the district court to dismiss an action for failure to prosecute, to comply with the Federal Rules of Civil Procedure, or to comply with court orders. See Fed. R. Civ. P. 41(b).[6] Additionally, under the Local Rules for the District of Rhode Island, which govern this case, "[t]he Court may issue an order to show cause at any time as to why the case should not be dismissed for lack of prosecution. If good cause is not shown within the time prescribed by the show cause order, the Court may dismiss the case." DRI LR Cv 41.

Notwithstanding their authority to dismiss a case with prejudice, district courts must remain mindful of the need to "balance the court's venerable authority over case management with the larger concerns of justice, including the strong presumption in favor of deciding cases on the merits." Malot v. Dorado Beach Cottages Assocs., 478 F.3d 40, 43 (1st Cir. 2007). "The appropriateness of a particular sanction thus depends on the circumstances of the case." Id. at 43-44. To assist courts in that endeavor, the First Circuit "ha[s] offered several, non-exhaustive factors to consider before entertaining dismissal[.]" Vivaldi Servicios de Seguridad v. Maiso Grp., Corp., 93 F.4th 27, 31 (1st Cir. 2024). Those factors include: "'the severity of the violation, . . . the deliberateness vel non of the misconduct, mitigating excuses, prejudice to the other side and to

---

[6] Fed. R. Civ. P. 41(b) provides as follows: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits."

the operations of the court, and the adequacy of lesser sanctions.'" Id. (punctuation in original) (quoting United States ex rel. Nargol v. DePuy Orthopaedics, Inc., 69 F.4th 1, 14 (1st Cir. 2023)). "Pertinent procedural considerations include 'whether the offending party was given sufficient notice and opportunity to explain its noncompliance or argue for a lesser penalty.'" Vallejo v. Santini-Padilla, 607 F.3d 1, 8 (1st Cir. 2010) (quoting Malloy v. WM Specialty Mortg., 512 F.3d 23, 26 (1st Cir. 2008)); see also Malot, 478 F.3d at 44 (noting "a procedural dimension" to a court's consideration of sanctions, "which addresses concerns such as notice, opportunity to be heard, and the court's explanation for its choice of sanctions."). Ultimately, however, district courts are "given considerable leeway in exercising their admitted authority to punish laggardly or noncompliant litigants." Chamorro v. Puerto Rican Cars, Inc., 304 F.3d 1, 4 (1st Cir. 2002).

## DISCUSSION

### I. Application of Substantive Factors to the Circumstances of the Case

Consideration of the First Circuit's list of substantive factors supports the dismissal of this case with prejudice. Beginning with the first factor – the severity of misconduct – the record demonstrates that Noel repeatedly disregarded or otherwise failed to comply with this court's orders. This included discovery orders directing Plaintiff to serve Defendants with signed and notarized copies of interrogatory responses, instructing Plaintiff to supplement his answers to UBH's initial interrogatories, directing Plaintiff to respond to UBH's second set of written discovery, and instructing Noel to confer with Defendants and file a proposed updated Discovery Plan. See Doc. No. 97 at pgs. 8-9 (describing Noel's failure to comply with discovery orders). It also included a Scheduling Order directing the parties to complete all fact discovery by August 1, 2025. See Doc. No. 87 (Revised Pretrial Scheduling Order). More recently, Noel failed to respond

to this court's order to show cause as to why this case should not be dismissed for failure to prosecute. See Doc. No. 99. Thus, his conduct establishes a pattern of ignoring court orders.

Under the law of this circuit, "disobedience of court orders, in and of itself, constitutes extreme misconduct (and thus, warrants dismissal)[.]" Vallejo, 607 F.3d at 8 (internal citation omitted) (quoting Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 46 (1st Cir. 2002)). This is especially true where, as here, "a plaintiff displays a pattern of 'repeatedly flouting court orders.'" Nargol, 69 F.4th at 14 (quoting Malot, 478 F.3d at 44). Similarly, under Rule 41 of Rhode Island's Local Rules, Noel's disregard of the Show Cause Order alone provides adequate justification for dismissing this case. See DRI LR Cv 41. Consequently, this court concludes that the severity of Noel's misconduct warrants dismissal.

The next set of factors the court considers includes the deliberateness of Plaintiff's misconduct and the existence of any mitigating excuses. See Vivaldi Servicios de Seguridad, 93 F. 4th at 31 (listing substantive factors courts should consider before entertaining dismissal). This court concludes that these factors weigh in favor of dismissal as well. Here, Noel provided no justification for his failure to comply with this court's orders and no explanation for his failure to pursue his claims. Nor did he make any effort to get the litigation back on track. For example, Noel never requested any extensions of time to conduct discovery, respond to outstanding discovery requests, or extend the pretrial deadlines. Nor did he appear at his deposition or participate in the December 8, 2025, Zoom video conference before the court. See Docket Entry dated 12/08/2025. Moreover, Noel never contacted the court or filed any materials explaining why he took no steps to pursue his claims against any of the remaining Defendants. On the contrary, Noel's effort to pursue new parties and new claims by way of a Third Amended Complaint illustrates his intent to abandon his existing claims and dispense with the present case.

Accordingly, this court concludes that there are no mitigating excuses for his conduct and that his actions were deliberate.

With respect to the issue of prejudice, this court concludes that Noel's conduct is inherently prejudicial to the remaining Defendants and the court. By refusing to engage in written discovery or appear for his deposition, Noel deprived all Defendants of the ability to obtain information relevant to his claims or use his sworn answers for impeachment or other strategic purposes. He also deprived Defendants from completing fact discovery and meeting the other pretrial deadlines. See Vellejo, 607 F.3d at 8 (noting that "'[r]epeated disobedience of a scheduling order is inherently prejudicial because disruption of the court's schedule and the preparation of other parties nearly always results.'" (alteration in original) (quoting Robson v. Hallenbeck, 81 F.3d 1, 4 (1st Cir. 1996)). Furthermore, Noel's repeated unwillingness to comply with court orders or to move this case forward results in a waste of Defendants' and the court's time and resources. Therefore, this factor further supports dismissal of the case with prejudice.

The final substantive factor for the court to consider is "the adequacy of lesser sanctions[.]" Malot, 478 F.3d at 45. This court finds that no sanction short of dismissal is appropriate in this case. Noel's repeated disregard of court orders, refusal to comply with his discovery obligations, and overall failure to pursue the litigation in any meaningful way "can reasonably be construed as an indication of [P]laintiff['s] lack of interest in vindicating whatever rights [he] might have had" against the named Defendants. Figueroa Ruiz v. Alegria, 896 F.2d 645, 648 (1st Cir. 1990) (quotations and citation omitted). Under the circumstances of this case, therefore, there is no reasonable means other than dismissal for resolving the parties' dispute.

## II.     **Application of Procedural Considerations**

"There is also a procedural dimension to [the court's] review, 'which addresses concerns such as notice, opportunity to be heard, and the court's explanation for its choice of sanction.'" Nargol, 69 F.4th at 14-15 (quoting Malot, 478 F.3d at 44). "Although prior notice is not a prerequisite to dismissal with prejudice, it is an important consideration." Malot, 478 F.3d at 45. "The notice consideration can weigh in favor of imposing dismissal where the 'disregard of a prior warning from the court exacerbates the offense' and can weigh against imposing dismissal where 'the lack of warning sometimes mitigates it.'" Nargol, 69 F.4th at 15 (quoting Vallejo, 607 F.3d at 9).

Here, the court explicitly warned Noel, on two separate occasions, that his failure to comply with discovery orders could result in the dismissal of his claims. Doc. No. 97 at pgs. 4, 6. This court also warned Noel, in its Show Cause Order dated December 9, 2025, that his failure to show cause as to why this case should not be dismissed for failure to prosecute "will likely result in the undersigned recommending that the district judge dismiss Noel's claims against all remaining Defendants, including the three Defendants who were defaulted pursuant to Fed. R. Civ. P. 55(a) and Local Rule 55(a)." Doc. No. 99 at pg. 3. Nevertheless, Noel failed to comply with the court's discovery orders and failed to respond to the Show Cause Order. Accordingly, relevant procedural considerations provide strong support for the dismissal of his remaining claims with prejudice.

## CONCLUSION

For all the reasons detailed herein, the district judge should dismiss this case with prejudice, pursuant to Fed. R. Civ. P. 41(b) and Local Rule 41, for failure to prosecute. Any objections to this Report and Recommendation must be filed within fourteen (14) days of receipt of this notice. The fourteen-day period may be extended upon motion. Failure to file any objection within the

specified time waives the right to appeal the district court's Order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).  Only those issues raised in the objection(s) to this Report and Recommendation "are subject to review in the district court" and any issues "not preserved by such objection are precluded on appeal." Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (quoting Keating v. Sec'y of Health & Hum. Servs., 848 F.2d 271, 275 (1st Cir. 1988)).

                                                            _____
                                                            Talesha L. Saint-Marc
                                                            United States Magistrate Judge

January 21, 2026

cc:       Arnold A. Noel, pro se
           Counsel of record