UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ARNOLD A. NOEL

    v.                                          Civil No. 1:23-cv-00028-SJM-TLSM

BRIAN COUTCHER, ET AL.

### REPORT AND RECOMMENDATION REGARDING
### PLAINTIFF'S MOTION TO COMPEL ISSUANCE OF SUMMONS

Self-represented Plaintiff, Arnold A. Noel ("Noel"), brings this action against his former employer and a number of affiliated entities and individuals seeking damages for the financial and emotional injuries he claims he suffered as a result of "Defendants' concerted efforts to defraud, discriminate against, and unjustly enrich themselves" by misappropriating his intellectual property, maligning his professional reputation, and engaging in "a series of deceitful, discriminatory, and retaliatory actions" against him. Doc. No. 16 at ¶ 2. On December 9, 2025, this court issued an Order to Show Cause (Doc. No. 99) directing Noel to show cause, by December 23, 2025, as to why this case should not be dismissed for failure to prosecute. Noel failed to respond to the Show Cause Order.[1] Instead, on December 24, 2025, he filed a Third Amended Complaint (Doc. No. 100), without an accompanying motion to amend, in which he seeks to assert new claims, unrelated to the existing claims in this case, against more than eighty entities and individuals, including various attorneys and law firms, state agencies and officials, state and federal court judges, and employees from the United States Marshals' Service.

---

[1] On January 21, 2026, the undersigned magistrate judge issued a Report and Recommendation (Doc. No. 104) recommending that the district judge dismiss this case with prejudice, pursuant to Fed. R. Civ. P. 41(b) and Local Rule 41, for failure to prosecute.

Currently before the court is Noel's "Verified Motion to Compel Issuance of Summons Forthwith and to Confirm Operative Status of Amended Complaint" (Doc. No. 102), to which Defendants[2] object (Doc. No. 103). In his Motion, Noel asserts that his Third Amended Complaint (Doc. No. 100) is the "sole operative pleading in this action," and thus, he requests that the court order the Clerk to issue summonses to him. Doc. No. 102 at pgs. 3-4. For the reasons that follow, the district judge should deny Noel's Motion and strike the Third Amended Complaint from the record.

## DISCUSSION

Defendants contend that the court should deny Noel's Motion to compel issuance of his Third Amended Complaint because the Third Amended Complaint does not comply with the Local Rules for the District of Rhode Island. Doc. No. 103-1 at pg.1.

Local Rule Cv 15 provides:

> A motion to amend a pleading shall be filed in accordance with LR Cv 7, explain how the amended pleading differs from the original and why the amendment is necessary, and be accompanied by a complete and signed copy of the proposed amended pleading. If the motion to amend is granted, the Clerk shall file the proposed amended pleading.

Here, Noel did not file a motion to amend, nor did he explain how the proposed amended pleading differs from the operative Complaint (Doc. No. 16). Instead, he simply filed the Third Amended Complaint. Because Noel's Third Amended Complaint does not comply with DRI LR Cv 15, Noel's Motion to compel the issuance of summonses for the same should be denied.

The district judge should deny Noel's Motion for the additional independent reason that his failure to comply with Federal Rule of Civil Procedure 15 renders his Third Amended

---

[2] The following Defendants filed a joint objection: Stephen M. Russell, Izabela Russell, Marc Thebaud, UBH Solar, Derek Moore, and Brian Croutcher. Doc. No. 103.

Complaint ineffective. Therefore, Noel is not entitled to the issuance of summonses or a ruling that the Third Amended Complaint is the operative pleading in this case.

Pursuant to Fed. R. Civ. P. 15, "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "Once a party has exhausted its one-time right to amend as a matter of course, it may make further amendments only with the opposing party's consent or with leave of court." United States ex rel. D'Agostino v. EV3, Inc., 802 F.3d 188, 192 (1st Cir. 2015) (citing Fed. R. Civ. P. 15(a)(2)). Because the deadline for amending his complaint as a matter of course has long expired, Noel was required to obtain Defendants' consent or leave of court before filing his Third Amended Complaint. His failure to do so renders that pleading ineffective. Therefore, the district judge should deny Noel's request to confirm that the Third Amended Complaint is the "sole operative pleading," and deny his request that the clerk issue summonses for the Third Amended Complaint. Doc. No. 102 at pg. 4.

## CONCLUSION

Accordingly, for the foregoing reasons, the district judge should deny Noel's "Verified Motion to Compel Issuance of Summons Forthwith and to Confirm Operative Status of Amended Complaint." Any objections to this Report and Recommendation must be filed within fourteen (14) days of receipt of this notice. The fourteen-day period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the objection(s) to this Report and Recommendation "are subject to review in the district court" and any issues "not preserved by such objection are precluded on appeal." Sch. Union No. 37 v.

United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (quoting Keating v. Sec'y of Health & Hum. Servs., 848 F.2d 271, 275 (1st Cir. 1988)).

_____
Talesha L. Saint-Marc
United States Magistrate Judge
Sitting by designation

January 22, 2026

cc:     Arnold A. Noel, pro se
          Counsel of record